**Charles A. DuRAIN, Petitioner-Appellant,**

v.

**John W. WINGO, Warden Kentucky State Penitentiary, Defendant-Appellee.**

**No. 19306.**

United States Court of Appeals
Sixth Circuit.

June 19, 1969.

Charles A. DuRain, in pro. per.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for appellee on brief.

Before CELEBREZZE and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Charles A. DuRain, petitioner-appellant, from an order of the United States District Court for the Western District of Kentucky denying his petition for a writ of habeas corpus. The appellant is serving a sentence of twenty-one years in the Kentucky State Penitentiary upon conviction of the crime of assault with Intent to Rob. The conviction was upon a plea of guilty, in the Jefferson Circuit Court at Louisville.

The indictment charges the appellant with armed robbery of one John Stiles. The appellant alleges in his petition that witnesses Carson and McCabe told the prosecutor and court-appointed counsel that Stiles was not robbed. There is an affidavit of John Stiles in the record on appeal alleging that he was not robbed, that he saw no weapons and saw no money change hands. There is no explanation in the record of this inconsistency.

The appellant further alleges that he refused to accept a "deal" to take a two year sentence in exchange for a plea of guilty, after the prosecutor was advised that Stiles said he was not robbed. The prosecutor then said he would seek the death penalty and through intimidation and coercion forced the appellant to plead guilty to Assault with Intent to Rob.

He also alleges that he has exhausted his remedies in the state court by post conviction proceedings to vacate and set

aside the judgment of conviction and by petition for writ of habeas corpus. Dismissals of these actions were appealed to the Kentucky Court of Appeals, from which they were also dismissed. This record does not disclose that a hearing was had in any proceeding.

As this record stands before us the man charged in the indictment to have been robbed swears by affidavit that he was not robbed. Incredible as it may seem that a person could be convicted of a robbery that did not occur and be sentenced to twenty-one years imprisonment—if such did happen, it would be a violation of the prisoner's federal constitutional rights and be subject to collateral attack.

The judgment of the District Court is vacated and the case remanded with instructions to conduct a hearing.